UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SHAPIRO,<br><br>Plaintiff,<br><br>v.<br><br>DONNA BARBER, in her official capacity as Elections Manager for the New Jersey Department of State, *et al.*,<br><br>Defendants. | Civil Action No. 22-5396 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff Robert Shapiro's ("Shapiro") Order to Show Cause (the "Motion") (ECF Nos. 1, 1-5) and subsequent request for an expedited hearing on his Motion (ECF No. 7). Defendants Donna Barber ("Barber"), New Jersey Department of State Elections Manager; Dawn Schilling ("Schilling"), Clerk of the New Jersey Department of State, Elections Division; and the New Jersey Division of Elections (the "Division of Elections," and collectively with Barber and Schilling, "Defendants") have not yet appeared in this matter.[1]

Shapiro, a retired attorney, initiated this action on September 2, 2022, submitting an "Affidavit/Declaration," Order to Show Cause, civil cover sheet, and various exhibits.[2] (ECF Nos. 1, 1-1, 1-2, 1-5, 1-6.) From what the Court can glean from his submissions, Shapiro sues

---

[1] Shapiro filed certificates of service as to Barber and Schilling, which indicates they were both served on September 12, 2022. (ECF Nos. 5, 6.) Shapiro did not submit a certificate of service as to the Division of Elections. According to Shapiro, his process server had difficulties serving Defendants. (Correspondence, Ex. C, ECF No. 7-1.)

[2] Missing from Shapiro's submission was a formal complaint. For purposes of this Memorandum Order, the Court construes Shapiro's submission as a complaint. Moving forward, Shapiro must comply with the Federal Rules of Civil Procedure and the District Court of New Jersey's Local Civil Rules.

Defendants for "unconstitutional" conduct related to his attempt to run for the U.S. House of Representatives for the Fourth Congressional District of New Jersey ("Fourth District"). (Shapiro Aff. ¶¶ 9, 30.) It starts in April 2022, when Shapiro submitted a petition to run in the Republican primary for the Fourth District. (*Id.* ¶¶ 9-10.) After going back and forth with Defendants over whether Shapiro's slogan violated New Jersey law and having an administrative hearing on his application's legitimacy, Shapiro decided to withdraw from the Republican primary. (*Id.* ¶¶ 12-17, 22-25.)

Undeterred, Shapiro shortly after began collecting signatures to run as an independent in the general election. (*Id.* ¶ 26.) But when he tried to submit his nomination petition, Defendants officially notified Shapiro that they were denying his petition because New Jersey law prohibited Shapiro from running as an independent in the general election after an unsuccessful attempt at winning the Republican primary. (*Id.* ¶¶ 27-29 (citing N.J. Stat. Ann. § 19:13-8 (West 2004)).) So, Shapiro sued, contending that Defendants misapplied New Jersey law or, alternatively, that the law is unconstitutional. (*Id.* ¶ 30.) He further requests that the Court ask the Federal Bureau of Investigation to investigate certain "political dirty trickster[s]" that he surmises played a part in Defendants' decision to keep him off the ballot. (*Id.* ¶ 31.)

The problem is that Shapiro fails to plead why this Court has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). The civil cover sheet seemingly brings this suit under 52 U.S.C. § 10102. (Civil Cover Sheet, ECF No. 1-1.) But that statute prohibits officers of the U.S. Army, Navy, or Air Force from fixing or interfering with the freedom of any election in any state. *Lowe v. Brink*, No. 22-263, 2022 WL 2820541, at *8 (E.D. Va. July 19, 2022) ("52

U.S.C. § 10102 prevents military personnel from interfering in elections . . . [but plaintiff] does not allege that a military officer took part in the rejection of her candidacy."). Nowhere in Shapiro's affidavit does he plead that any branch of the U.S. military played a role in Defendants' decision to prevent him from appearing on the general election ballot. (*See generally* Shapiro Aff.) Thus, the federal statute purportedly conferring jurisdiction is inapplicable.

Separately, in plain contravention of Federal Rule of Civil Procedure 8(a), Shapiro's affidavit fails to devote any ink to pleading the basis for the Court's jurisdiction other than mentioning Defendants acted "unconstitutionally." (*See id.* ¶ 30; Fed. R. Civ. P. 8(a)(1).) As to whether Shapiro relies on the New Jersey Constitution or the Federal Constitution, or both, is anyone's guess. "[A] plaintiff's pro se status does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 27 (D.D.C. 2014) (citation and internal quotation marks omitted). Even more so when Shapiro is a retired attorney.

Accordingly, the Court *sua sponte* dismisses the Complaint without prejudice for failure to plead subject matter jurisdiction. *SBL Enters. LLC v. Keystone Cap. Corp.*, No. 21-4459, 2021 WL 2000365, at *4 (S.D.N.Y. May 19, 2021). Should Shapiro file an amended complaint in accordance with the federal rules and one that properly pleads the Court's jurisdiction, the Court will review his submission in short order considering his request for urgency.

**IT IS**, on this 21st day of September 2022, **ORDERED** as follows:

1. Shapiro's Motion for an Order to Show Cause (ECF No. 1-5) is **DENIED**.
2. Shapiro's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. Shapiro may file an amended complaint by **October 14, 2022**.

                                                                   /s/ Michael A. Shipp
                                                                   MICHAEL A. SHIPP
                                                                   UNITED STATES DISTRICT JUDGE