

| | **State of New Jersey** | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | MATTHEW J. PLATKIN<br>*Attorney General* |
| SHEILA Y. OLIVER<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

November 4, 2022

<u>**VIA CM/ECF**</u>
The Honorable Michael A. Shipp, U.S.D.J.
United States District Court
District of New Jersey – Trenton Vicinage
Clarkson S. Fisher Building
402 East State Street, Courtroom 5W
Trenton, New Jersey 08608

      Re:  *Robert Shapiro v. Donna Barber, et al.*
           Docket No. 22-cv-05396 (MAS)(LHG)

<u>           Defendants' Opposition to Plaintiff's Order to Show Cause      </u>

Dear Judge Shipp:

      This office represents Defendants, Donna Barber, Dawn Schilling, and the New Jersey Division of Elections, in the above-referenced matter. Please accept this letter in lieu of a formal brief in opposition to the Order to Show Cause filed by Plaintiff, Robert Shapiro. Plaintiff's Order to Show Cause is moot because the 2022 General Election is well underway. Thousands of mail-in ballots without Plaintiff's name have already been sent to and returned by voters, and voters have already cast thousands more ballots so far during the seven days of early voting that has already



commenced. Even if this matter were not mooted, though, Plaintiff is nevertheless not entitled to the emergency relief he seeks because of self-inflicted delays in bringing his suit. And, lastly, the *Purcell* principle requires that this Court reject Plaintiff's requested relief.

## TABLE OF CONTENTS

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................2
ARGUMENT ........................................................................................................4
   I.   THIS MATTER IS MOOT BECAUSE VOTING HAS ALREADY BEGUN IN THE NOVEMBER 2022 GENERAL ELECTION............................................4
   II.   PLAINTIFF'S REQUEST TO BE PLACED ON THE BALLOT FOR THE NOVEMBER 2022 GENERAL ELECTION DOES NOT MEET THE REQUIREMENTS FOR EMERGENCY RELIEF. ................................................6
      A.   Plaintiff's decision to delay filing suit demonstrates that no irreparable harm exists....................................................................................................8
      B.   The *Purcell* principle requires rejecting Plaintiff's requested relief...........11
CONCLUSION...................................................................................................13

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed nominating petitions for the June 7, 2022 Primary Election nomination of the Republican Party for the office of United States House of Representatives, 4th Congressional District. (ECF No. 1-2). On April 11, 2022, a hearing on Plaintiff's petitions was held in the Office of Administrative Law where several signatories of Plaintiff's petitions were challenged as not being residents of

the congressional district. (ECF No. 1, ¶ 16). During the hearing, Plaintiff withdrew his nominating petitions. *Id.* ¶¶ 17, 22.

On May 19, 2022, Plaintiff requested to schedule a petition filing appointment for a general nomination petition for the November 8, 2022 General Election as an Independent candidate. (ECF No. 1-2). On June 3, 2022, the Division of Elections rejected Plaintiff's general nomination petition as an Independent candidate, pursuant to the plain language of N.J. Stat. Ann. § 19:13-8, because Plaintiff had previously accepted a petition nomination for the same office as a Republican when he filed his Primary Election nomination petition. *Id.*

Three months later, on September 2, 2022, Plaintiff filed the present Complaint against Defendants. (ECF No. 1). On September 16, 2022, Plaintiff requested an expedited hearing. (ECF No. 7). On September 22, 2022, the Court denied Plaintiff's Order to Show Cause and dismissed the Complaint for lack of subject matter jurisdiction. (ECF No. 8). On October 14, 2022, Plaintiff filed an Amended Complaint. (ECF No. 9). On October 26, 2022, Plaintiff served the Amended Complaint on Defendants. (ECF No. 14). On November 3, 2022, the Court held a status conference with the parties and ordered Defendants to file opposition to the Order to Show Cause no later than close of business on November 4, 2022.

This opposition follows.

## **ARGUMENT**

I.   **THIS MATTER IS MOOT BECAUSE VOTING HAS ALREADY BEGUN IN THE NOVEMBER 2022 GENERAL ELECTION**

Because Article III of the Federal Constitution confers federal courts with jurisdiction over "Cases" and "Controversies," "federal courts can entertain actions only if they present live disputes." *Hartnett v. Pa. State Educ. Assn.*, 963 F.3d 301, 305 (3d Cir. 2020). Federal courts are "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *N.J. Turnpike Auth. v. Jersey Cent. Power and Light*, 772 F.2d 25, 30 (3d Cir. 1985) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). One of the most important concerns for the court in determining whether a matter is moot "is whether all or part of the relief requested is still effectively available." *Matter of Quality Spice Corp.*, 107 B.R. 843, 848 (D.N.J. 1989); *Vestcom Intern., Inc. v. Chopra*, 114 F.Supp.2d 292, 296 (D.N.J. 2000) ("[W]hether the vindication of a party's legal position will lead to effective relief is a key indicator of an ongoing, live controversy.").

No effective relief remains available to Plaintiff because ballots have already gone out without his name on them and the nine-day early voting period is already nearing its close. Pursuant to federal and state law, ballots for the November 8, 2022

General Election in New Jersey were sent out on or before September 24, 2022. 52 U.S.C. § 20302 (requiring ballots for military and overseas civilians to be mailed at least 45 days preceding an election); N.J. Stat. Ann. § 19:63-9 (requiring mail-in ballots to be sent to New Jersey voters at least 45 days preceding an election). Therefore, ballots that do not include Plaintiff have already been sent to voters throughout the Fourth Congressional District. Many of these ballots have already been cast and returned to the Monmouth and Ocean County boards of elections.

As of this date, in addition to the mail-in ballots already sent and returned that do not contain Plaintiff's name, seven of the nine days of early voting for the 2022 General Election have already passed, meaning thousands more voters have already cast ballots by machine or provisional ballot without Plaintiff's name. Furthermore, additional voting machines in the Fourth Congressional District for Election Day have already been programmed and tested for ballots that do not include Plaintiff. Provisional and emergency ballots have also been prepared that do not include Plaintiff.

Contrary to Plaintiff's unsupported assertion that changing the machines requires nothing more than a few keystrokes, reprogramming voting machines is a much more onerous undertaking. First of all, responsibility for reprogramming would fall to the superintendents or boards of elections, none of whom have been made a party to this action. N.J. Stat. Ann. § 19:48-6. Second, all voting machines

in the Fourth Congressional District would have to be reprogrammed and tested to ensure that they were reprogrammed properly.[1] It is certainly possible that by the time this court issues a final order that this monumental task could not be implemented in time for the remainder of early voting, which concludes at 6:00 p.m. on Sunday November 6, 2022. It is possible that by the time this Court issues an order that the reprogramming and testing of all voting machines in the Fourth Congressional District could not be done in time for Election Day on Tuesday November 8, 2022.

Because ballots have already gone out without Plaintiff's name and because it is implausible to reprogram and retest voting machines prior to the start of early voting, Plaintiff lacks any realistic or effective relief, and this matter is consequently rendered moot. As such, Plaintiff's requested relief should be denied.

II. **PLAINTIFF'S REQUEST TO BE PLACED ON THE BALLOT FOR THE NOVEMBER 2022 GENERAL ELECTION DOES NOT MEET THE REQUIREMENTS FOR EMERGENCY RELIEF.**

Although not strictly articulated as such, Plaintiff is effectively seeking a preliminary injunction to have to his name placed on the ballot for the November 2022 General Election while the election is ongoing. *See, e.g.*, ECF No. 1-5, ¶¶ 1, 3. Courts have cautioned that the grant of injunctive relief "is an extraordinary

---

[1] Plaintiff has also failed to notify other candidates on the ballot and the county political party committee chairs that have an interest in the reprogramming and testing of voting machines affected by Plaintiff's proposed relief.

remedy which should be granted only in limited circumstances." *Truck Ctr., Inc. v. Gen'l Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1998); *see also, e.g.*, *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000) (noting the "dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat").

To grant injunctive relief, the moving party bears the burden of showing:

> (1) A likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.

*Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

"[An] injunction shall issue only if the plaintiff produces evidence sufficient to convince the district court that *all four factors* favor preliminary relief." *N.J. Hosp. Ass'n v. Waldman*, 73 F.3d 509, 512 (3d Cir. 1995) (emphasis added); *see also Kos Pharms*, 369 F.3d at 708 (noting courts must "determine[] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief"). A party that seeks injunctive relief that would alter the status quo bears an even greater burden in demonstrating its necessity. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).

As per the Court's instructions at the status conference held on November 3, 2022, this brief does not address the first factor concerning the merits of Plaintiff's

constitutional challenge to N.J. Stat. Ann. § 19:13-8. As mentioned at the status conference, the constitutionality of that statute is the subject of two consolidated matters pending before the New Jersey Superior Court – Appellate Division. *See In re Tom Malinowski, Petition for Nomination for General Election November 8, 2022, for United States House of Representatives New Jersey Congressional District 7*, A-003542-21 (N.J. Sup. Ct. App. Div.) and *In re Tom Malinowski, Petition for Nomination for General Election November 8, 2022, for United States House of Representatives New Jersey Congressional District 7*, A-003543-21 (N.J. Sup. Ct. App. Div.). Because N.J. Stat. Ann. § 19:13-8 is already the subject of an identical constitutional challenge, Defendants reiterate that this Court should exercise *Younger* abstention, the "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Committee v. Garden State Bar Assn.*, 457 U.S. 423, 431 (1982) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

Further, Defendants need not address the merits of Plaintiff's petition because a balance of the equities clearly weighs in Defendants' favor.

### A. Plaintiff's decision to delay filing suit demonstrates that no irreparable harm exists.

Plaintiff requests that his name be added to the ballot for the Fourth Congressional District in the middle of voting and he has also raised the possibility

of this Court ordering a special election for the Fourth Congressional District with his name on the ballot given that many mail-in ballots have already been returned and early voting has been underway for several days. However, no injunctive relief or special election is warranted because Plaintiff delayed seeking relief until the eve of the election even though his petition for nomination was rejected on June 3, 2022 – nearly three months before he filed the present matter.

It is well-established that a plaintiff's delay in filing a motion for preliminary relief "undermines any arguments of immediate irreparable harm." *Doris Behr 2012 Irrevocable Trust v. Johnson & Johnson*, No. 19-8828, 2019 WL 1519026, *4 (D.N.J. 2019); *see also, e.g.*, *Lanin v. Borough of Tenafly*, 515 F. App'x 114, 118 (3d Cir. 2013) ("[P]reliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights . . . tends to indicate at least a reduced need for such drastic, speedy action." (quoting *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1985))); *Pharmacia Corp. v. Alcon Labs.*, 201 F. Supp. 2d 335, 382 (D.N.J. 2002) (noting that a delay can "knock[] the bottom out of any claim of immediate and irreparable harm," and that it is a "dispositive basis" for rejecting an injunction); *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F.Supp.2d 555, 610-12 (W.D. Pa. 2013) (collecting cases). It is no surprise that courts look skeptically on such motions, as delays show "there is no apparent urgency to the request for injunctive

relief," *GoNannies, Inc. v. GoAuPair.com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006), and increase the risk that the injunction would "fundamentally alter[] the status quo," *Acierno*, 40 F.3d at 647.

Any purported harm Plaintiff faces by being left off the ballot for the November 2022 General Election is a direct consequence of his own nearly three-month delay in requesting relief from the courts. Plaintiff's failures in requesting expedited relief, pleading jurisdiction, and serving Defendants – failures attributable solely to Plaintiff himself – further delayed this matter until the election was already well-underway. Plaintiff's nominating petition for the Fourth Congressional District candidate as an Independent was denied by the Division of Elections on June 3, 2022. (ECF No. 1-2). But Plaintiff waited until September 2, 2022 to file his complaint in the present matter. (ECF No. 1). Plaintiff then waited until September 16, 2022 to request an expedited hearing. (ECF No. 7). This was only eight days before mail-in ballots had to be sent to voters. 52 U.S.C. § 20302; N.J. Stat. Ann. § 19:63-9.

Plaintiff further delayed this matter by failing to plead subject matter jurisdiction, resulting in the dismissal of his initial complaint. (ECF No. 8). Plaintiff did not file an amended complaint until over three weeks later on October 14, 2022, ECF No. 9, and did not serve Defendants until October 26, 2022 – a mere three days before the start of early voting on October 29. (ECF No. 14). Had Plaintiff filed a

timely appeal[1] of the June 3 denial by the Division of Elections, this matter could have been heard and resolved not only before early voting commenced but before mail-in ballots were printed and sent to voters. Plaintiff's unexplained and unjustified delay in bringing this action demonstrates that no irreparable harm exists and should not invalidate thousands of ballots already cast or require a new election.

### B. The *Purcell* principle requires rejecting Plaintiff's requested relief.

Along these lines, Plaintiff's delay in bringing this suit until the eve of the election requires this Court to refrain from issuing any order that would alter the rules of the election. The Supreme Court has repeatedly cautioned that injunctions on the eve of an election are heavily disfavored. *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006); *see also Brakebill v. Jaeger*, 139 S. Ct. 10 (2018) (Ginsburg, J., dissenting) (noting "last-minute '[c]ourt orders affecting elections'" are heavily disfavored (quoting *Purcell*, 549 U.S. at 4-5)). "[F]ederal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) (citing *Purcell*, 549 U.S. 1); *Frank v. Walker*, 574 U.S. 929 (2014); *Veasey v. Perry*, 135 S. Ct. 9 (2014); *Brakebill*, 139 S. Ct. at 10 (Ginsburg, J., dissenting); *Benisek v. Lamone*, 138 S. Ct. 1942, 1944-45 (2018) (per curiam); *see also Crookston v. Johnson*, 841 F.3d 396,

---

[1] Final decisions of state agencies may be appealed to the New Jersey Superior Court – Appellate Division within 45 days. N.J. Court Rule 2:2-3(a)(2).

398 (6th Cir. 2016) ("[C]all it what you will—laches, the *Purcell* principle, or common sense—the idea is that courts will not disrupt imminent elections absent a powerful reason for doing so.").

In laying out what is now known as the *Purcell* principle, the Supreme Court's paramount concern was in preventing voter confusion and the disillusionment in the voting process that discourages voters from participating in the democratic process. *Purcell*, 549 U.S. at 4-5 ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase."); *Republican Party of Pa. v. Cortés*, 218 F.Supp.3d 396, 404-05 (E.D. Pa. 2016) (finding that last minute intervention in an election "risks practical concerns including disruption, confusion or other unforeseen deleterious effects").

Plaintiff now seeks relief not on the eve of the 2022 General Election, but rather, in the midst of it. Thousands of voters have already received mail-in ballots, with many of those mail-in ballots having already been cast and returned, and thousands more have cast their ballots in-person during the first seven days of early voting. One could hardly imagine an action more likely to sow voter confusion and eviscerate voters' confidence in our electoral processes than adding a candidate's name to the ballot in the middle of voting. Voters will be left unsure who exactly is on the ballot, whether their already-cast ballots will be counted or are now invalid,

whether they will be allowed to obtain and vote a new ballot, whether additional changes to the ballots may be forthcoming, and so on. Some voters – frustrated by changes to the ballot or the ordering a new election – may opt to not vote at all. Stated differently, any order either adding Plaintiff to the ballot or ordering a new election would accomplish the very outcome that *Purcell* sought to prevent.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Order to Show Cause should be denied.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: s/Steven M. Gleeson
Steven M. Gleeson (087092013)
Deputy Attorney General
Steven.Gleeson@law.njoag.gov