# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SHAPIRO,<br><br>    Plaintiff,<br><br>v.<br><br>DONNA BARBER, in her official capacity as Elections Manager for the New Jersey Department of State, *et al.*,<br><br>    Defendants. | Civil Action No. 22-5396 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Defendants Donna Barber, Dawn Schilling, and the New Jersey Division of Elections's ("Defendants") opposition (ECF No. 19) to Plaintiff Robert Shapiro's ("Plaintiff") application for an Order to Show Cause ("Application") (ECF No. 9). Defendants entered an appearance in this matter on November 2, 2022, and after an expedited preliminary status conference held with the parties on November 3, 2022, the Court ordered Defendants to respond to Plaintiff's Application. (ECF No. 18.) Defendants' opposition followed, and there was no reply.

The background and procedural history in this matter necessitate the Court's Order, so the Court develops them both in detail. On May 19, 2022, Plaintiff requested to schedule a petition filing appointment for a general nomination petition for the November 8, 2022 General Election. (ECF No. 1-2.) On June 3, 2022, Defendants rejected Plaintiff's filing request on the grounds that Plaintiff previously submitted a petition for the June 7, 2022 Primary Election. (*Id.*) Defendants argued that a candidate may not sign an acceptance of nomination on a General Election petition for nomination for an office if the candidate has signed an acceptance of nomination on a petition

for the Primary Election nomination for the same office pursuant to N.J.S.A. 19:13-8. (*Id.*) Plaintiff tried speaking with Defendants regarding this rejection but alleges that they would not take his phone calls. (Pl.'s Aff. ¶ 24, ECF No. 9-2.)

Three months later, on September 2, 2022, Plaintiff initiated this action submitting an "Affidavit/Declaration," application for an Order to Show Cause, civil cover sheet, and various exhibits.[1] (ECF Nos. 1, 1-1, 1-2, 1-5, 1-6.) Donna Barber and Dawn Schilling were served on September 12, 2022. (ECF Nos. 5, 6.) The New Jersey Division of Elections was never served, and Plaintiff submitted documentation suggesting that his process server had difficulties serving Defendants. (Correspondence, Ex. C, ECF No. 7-1.) On September 22, 2022, this Court dismissed Plaintiff's first application for an Order to Show Cause for lack of subject matter jurisdiction and provided Plaintiff with over three weeks to file an amended complaint. (ECF No. 8.) Plaintiff waited until the very last day that he could, October 14, 2022, to file his Amended Complaint. (ECF No. 9.) Because there was no summons attached to the Amended Complaint and because Defendants had not yet appeared in the action, the Court issued a Text Order requiring Plaintiff to show what steps he had taken to ensure that all Defendants were timely and properly served. (ECF No. 10.) According to Plaintiff's response, Defendants were served on October 25, 2022. (ECF No. 13.) The Court proceeded to schedule a preliminary status conference for November 1, 2022 and ordered Plaintiff to e-file proof of service because Defendants had not yet entered an appearance. (ECF No. 15.) Plaintiff failed to file proof of service as ordered, and the preliminary status conference was canceled. Defendants entered an appearance on November 2, 2022, and after an expedited preliminary status conference held with the parties on November 3, 2022, the Court ordered Defendants to respond to Plaintiff's Application. (ECF No. 18.) On Friday, November 4,

---

[1] Plaintiff's submission did not include a formal complaint.

2022, Defendants filed their opposition, and there was no further reply by Plaintiff. The Court issues this Order the day before the election that Plaintiff seeks to disturb.

Plaintiff's requested relief is to require Defendants to put his name on the General Election Ballot for New Jersey's Fourth Congressional District with the slogan, "Let's Go Brand*n." (Am. Compl. V., ECF No. 9.) Defendants are correct that Plaintiff's request is essentially a request for a preliminary injunction (Defs.' Opp'n Br. 6, ECF No. 19), and Plaintiff conceded as much in his brief (Pl.'s Moving Br. 1-2, ECF No. 9-3 ("Unless the preliminary injunction and temporary restraining order are issued, I will suffer immediate and irreparable injury . . . .").) Defendants contend that Plaintiff does not meet the standard for a preliminary injunction, and, in any event, Plaintiff's requested relief is moot by its own timing. Because the Court finds that Plaintiff's request is moot, the Court does not address the preliminary injunction factors.

The Court is only permitted "to decide actual controversies by a judgment which can be carried into effect. . . ." *N.J. Turnpike Auth. V. Jersey Cent. Power and Light*, 772 F.2d 25, 30 (3d Cir. 1985) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Part of this determination is "whether all or part of the relief requested is still effectively available." *Matter of Quality Spice Corp.*, 107 B.R. 843, 848 (D.N.J. 1989).

Here, the Court finds that Plaintiff's requested relief, for his name to be put on the New Jersey General Election Ballot, is no longer available. Plaintiff himself concedes that "[m]ail in Ballots have already been printed and mailed." (Pl.'s Moving Br. 1.) That concession was made on October 14, 2022, at least three weeks before this Memorandum Order. Defendants buttress their argument that Plaintiff's attempts to appear on the ballot are futile by noting: (1) ballots have already gone out without Plaintiff's name on them, and early voting is almost over; (2) many early voting ballots have already been cast and returned to the boards of elections; (3) thousands of

voters have already cast ballots by machine or provisional ballots; (4) voting machines have already been programmed and tested for ballots and changes to these voting machines are impractical prior to the election; and (5) many individuals affected by Plaintiff's requested relief are not parties to this action. (Defs.' Opp'n Br. 4-6.)

Plaintiff argued during the preliminary status conference that he was aware that his name is not on many ballots that have already been cast but that he believed that most people would vote in person on election day, Tuesday, November 8, 2022, and he wanted his name on those ballots. (ECF No. 18.) Defendants sufficiently demonstrate that this is not possible. Defendants explain that the voting machines in the Fourth Congressional District used for election day have already been programmed and tested. (Defs.' Opp'n Br. 5.) Defendants explain that reprogramming the voting machines is not as simple as merely typing in Plaintiff's name. (*Id.*) The superintendents or boards of elections would be responsible for reprogramming the machines, and neither of them are a party to this action. (*Id.*) Any reprogramming would have to be tested and doing so would likely take more time than available given that election day is November 8th of this year. (*Id.* at 6.) Defendants conclude that because "it is implausible to reprogram and retest the voting machines" in the requisite time, "Plaintiff lacks any realistic or effective relief." (*Id.*) The Court agrees.

Because Plaintiff's requested relief is not effectively available in the required timeframe, the Court dismisses Plaintiff's Application and request for a preliminary injunction as moot.

**IT IS**, on this <u>7th</u> day of November 2022, **ORDERED** as follows:

1.  Plaintiff's Application (ECF No. 9-2) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE